Christopher Kim (Bar No. 082080)
christopher.kim@limruger.com
Lisa J. Yang (Bar No. 208971)
lisa.yang@limruger.com
LIM, RUGER & KIM, LLP
1055 West Seventh Street, Suite 2800
Los Angeles, California 90017-2554
Telephone: (213) 955-9500
Facsimile: (213) 955-9511

Thomas A. Dubbs (*Pro Hac Vice*)
tdubbs@labaton.com
James W. Johnson (*Pro Hac Vice*)
jjohnson@labaton.com
Richard T. Joffe (*Pro Hac Vice*)
rjoffe@labaton.com
LABATON SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Allyn Z. Lite (*Pro Hac Vice*)
alite@litedepalma.com
Bruce D. Greenberg (*Pro Hac Vice*)
bgreenberg@litedepalma.com
LITE DePALMA GREENBERG, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
Facsimile: (973) 623-0858

*Attorneys for Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment, Plaintiff International Brotherhood of Electrical Workers, Local 103 and Norfolk County Retirement System and Lead Counsel for the Class*

Thomas Bienert, Jr.
tbienert@bmkattorneys.com
BIENERT, MILLER & KATZMAN
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

Robert S. Green
rsg@classcounsel.com
GREEN & NOBLIN, P.C.
700 Larkspur Landing Circle, Suite 275
Larkspur, CA 94939
Telephone: (415) 477-6700
Facsimile: (415) 477-6710

*Attorneys for Plaintiff Mark V. Ripperda*

JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE STEC, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | No. SACV 09-01304-JVS (MLGx)<br><br>*Consolidated with*: SACV09-1306-JVS; **SACV 09-1315-JVS**; SACV09-1320-JVS; SACV09-1460-JVS; CV09-8536-JVS; SACV10-248-JVS<br><br>**FINAL ORDER AND JUDGMENT** |

WHEREAS:

A. On October 5, 2012, the State of New Jersey, Department of Treasury, Division of Investment ("Lead Plaintiff"), and plaintiffs International Brotherhood of Electrical Workers, Local 103 and The Norfolk County Retirement System (together, "Plaintiffs") and plaintiff Mark Ripperda (collectively, "Class Representatives") on behalf of themselves and the Class, and STEC, Inc. ("STEC"), Manouch Moshayedi, Mark Moshayedi, and Raymond Cook (the "Individual Defendants, and together with STEC, "Defendants") entered into a Stipulation and Agreement of Settlement, dated as of October 5, 2012 and as amended on February 20, 2013 (the "Stipulation"), in the above-titled litigation (the "Action").

B. Pursuant to the Court's February 11, 2013 minute order and the Preliminary Approval Order Providing for Notice and Hearing in Connection With Proposed Class Action Settlement, entered March 7, 2013 (the "Preliminary Approval Order"), the Court scheduled a hearing for May 20, 2013, at 1:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine whether a judgment as provided for in the Stipulation should be entered.

C. The Court ordered that the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") and a Proof of Claim and Release form ("Proof of Claim"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, on or before ten (10) calendar days after the date of entry of the Preliminary Approval Order ("Notice Date") to all Class Members who could be identified through reasonable effort, and that a Summary Notice of Pendency of Class Action and Proposed Settlement and

1  Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in
2  the form attached to the Preliminary Approval Order as Exhibit 3, be published in
3  *Investor's Business Daily* and transmitted over *PR Newswire* within fourteen (14)
4  calendar days of the Notice Date.

5      D.    The Notice and the Summary Notice advised Class Members of the
6  date, time, place and purpose of the Settlement Hearing.  The Notice and Summary
7  Notice further advised that any objections to the Settlement were required to be
8  filed with the Court and received by counsel for the Parties by April 22, 2013.

9      E.    The provisions of the Preliminary Approval Order as to notice were
10 complied with.

11     F.    On April 8, 2013, Class Representatives moved for final approval of
12 the Settlement, as set forth in the Preliminary Approval Order.  The Settlement
13 Hearing was duly held before this Court on May 20, 2013, at which time all
14 interested Persons were afforded the opportunity to be heard.

15     G.    This Court has duly considered Class Representatives' motion, the
16 affidavits, declarations and memorandum of law submitted in support thereof, and
17 all of the submissions and arguments presented with respect to the proposed
18 Settlement.

19     NOW, THEREFORE, after due deliberation, IT IS ORDERED,
20 ADJUDGED AND DECREED that:

21     1.    This Judgment incorporates by reference the definitions in the
22 Stipulation, and all capitalized terms used in this Judgment that are not otherwise
23 defined herein shall have the same meanings as set forth in the Stipulation.

24     2.    This Court has jurisdiction over the subject matter of the Action and
25 over all Parties to the Action, including all Members of the Class.

26     3.    The Court hereby affirms its determinations in the Preliminary
27 Approval Order, in its June 19, 2012 Order certifying the Class, and, for the
28 purposes of Settlement only, finally certifies the Class for the purposes of the Class

1  Representatives' claims under the Securities Act of 1933 ("Securities Act")
2  pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on
3  behalf of all persons and entities that, between June 16, 2009 and February 23,
4  2010, inclusive (the "Class Period"), purchased or otherwise acquired the publicly
5  traded common stock of STEC and were damaged thereby.  Excluded from the
6  Class are: Defendants; the members of the immediate families of the Individual
7  Defendants; the subsidiaries and affiliates of Defendants; any person who is an
8  officer, director, partner or controlling person of STEC or any other Defendant;
9  any entity in which any Defendant has a controlling interest; and the legal
10 representatives, heirs, successors and assigns of any such excluded person or
11 entity.  Also excluded from the Class are any Class Members who properly
12 exclude themselves by filing a valid and timely request for exclusion in accordance
13 with the requirements set forth in the Notice.  A list of those persons is contained
14 in Exhibit A annexed hereto.

15       4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for
16 the purposes of the Settlement only, the Court hereby affirms its determinations in
17 the Preliminary Approval Order and finally certifies Mark Ripperda as a Class
18 Representative for the Class.  Lead Plaintiff and Local 103 continue to also be
19 Class Representatives for the Class.

20       5.     The notification provided for and given to the Class was in
21 compliance with the Preliminary Approval Order, and said notification constituted
22 the best notice practicable under the circumstances and is in full compliance with
23 the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, Section
24 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as
25 amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"),
26 Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as
27 amended by the PSLRA, and due process.
28

6. The proposed Settlement of the Action on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against Defendants and the risks of establishing liability and damages and the costs of continued litigation.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Class Representatives, the Class and the Defendants.

7. The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation. To the extent there were objections to the Settlement, those objections are overruled.

8. Upon the Effective Date of the Settlement, the Third Amended Consolidated Complaint (the "Complaint"), filed December 14, 2012, is hereby dismissed in its entirety as to Defendants, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court further finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, Class Representatives and each and every other Class Member on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties.

1. 11. As set forth in the Stipulation and reflected in this order, "Released Claims" means any and all claims, rights, causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, including both known and Unknown Claims, whether arising under federal, state, common or administrative law, or any other law, whether fixed or contingent, liquidated or un-liquidated, at law or in equity, whether class or individual in nature, that Class Representatives or any other Class Member: (i) asserted in the Action; or (ii) could have asserted in the Action or any other action or forum, that arise out of, relate to, or are in connection with the claims, allegations, transactions, facts, events, acts, disclosures, statements, representations or omissions or failures to act involved, set forth, or referred to in the complaints filed in the Action, and that relate to the purchase or acquisition of the publicly traded common stock of STEC during the Class Period.  Released Claims include the claims in *West Virginia Laborers' Trust Fund v. STEC, Inc.*, No. 30-2011-00489022-CU-SL-CXC (Orange County Super. Ct.), but do not include: (i) claims to enforce the Settlement; (ii) any governmental or regulatory agency's claims in any criminal or civil action against any of the Released Defendant Parties; (iii) *In re STEC, Inc. Derivative Litigation*, Master File No. CV 10-00667-JVS(MLGx) (C.D. Cal.); (iv) *In re STEC, Inc. Shareholder Derivative Litigation*, No. 30-2009-00320001-CU-SL-CXC (Orange County Super. Ct.); and (v) the books and records claims set forth in *Berry v. STEC, Inc.*, No. 30-2012-00552385 (Orange County Super. Ct.).

12. As set forth in the Stipulation and as reflected in this order, "Released Defendant Parties" means Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, shareholders, partners, agents, employees, attorneys, auditors, insurers, underwriters of securities offerings, investment advisors, and their respective employees and agents; the spouses, members of the immediate families, representatives, and heirs of the Individual

1  Defendants, as well as any trust of which any Individual Defendant is the settlor or
2  which is for the benefit of any of their immediate family members; and any person,
3  firm, trust, corporation, officer, director or other individual or entity in which any
4  Defendant has a controlling interest or which is related to or affiliated with any of
5  the Defendants and the legal representatives, heirs, successors, in interest or
6  assigns of Defendants.

7        13.    Upon the Effective Date, Defendants, on behalf of themselves and
8  each of their respective heirs, executors, trustees, administrators, predecessors,
9  successors and assigns by operation of the Judgment, shall be deemed to have
10 fully, finally and forever waived, released, discharged and dismissed each and
11 every one of the Released Defendants' Claims, as against each and every one of
12 the Released Plaintiff Parties and shall forever be barred and enjoined from
13 commencing, instituting, prosecuting or maintaining any of the Released
14 Defendants' Claims against any of the Released Plaintiff Parties.

15       14.    Each Class Member, whether or not such Class Member executes and
16 delivers a Proof of Claim, is bound by this Judgment, including, without limitation,
17 the release of claims as set forth in the Stipulation.

18       15.    This Judgment and the Stipulation, whether or not consummated, and
19 any discussions, negotiations, proceedings or agreements relating to the
20 Stipulation, the Settlement, and any matters arising in connection with settlement
21 discussions, negotiations, proceedings, or agreements, shall not be offered or
22 received against or to the prejudice of the Parties for any purpose, and in particular:
23       (a)    do not constitute, and shall not be offered or received against or
24 to the prejudice of Defendants as evidence of, or construed as, or deemed to be
25 evidence of any presumption, concession or admission by Defendants with respect
26 to the truth of any allegation by Class Representatives and the Class or the validity
27 of any claim that has been or could have been asserted in the Action or in any
28

1  litigation, including but not limited to the Released Claims, or of any liability,
2  damages, negligence, fault or wrongdoing of Defendants;
3         (b)   do not constitute, and shall not be offered or received against or
4  to the prejudice of Defendants as evidence of a presumption, concession or
5  admission of any fault, misrepresentation, or omission with respect to any
6  statement or written document approved or made by Defendants, or against or to
7  the prejudice of Class Representatives or any other Members of the Class as
8  evidence of any infirmity in the claims of Class Representatives or the other
9  Members of the Class;
10        (c)   do not constitute, and shall not be offered or received against or
11 to the prejudice of Defendants or against Class Representatives or any other
12 Member of the Class, as evidence of a presumption, concession or admission with
13 respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in
14 any way referred to for any other reason against or to the prejudice of any of the
15 Parties to the Stipulation, in any other civil, criminal, or administrative action or
16 proceeding, other than such proceedings as may be necessary to effectuate the
17 provisions of the Stipulation;
18        (d)   do not constitute, and shall not be construed as, or offered or
19 received against or to the prejudice of Defendants, Class Representatives or any
20 other Members of the Class, as evidence of a presumption, concession, or
21 admission that the consideration to be given hereunder represents the amount
22 which could be or would have been recovered after trial; and
23        (e)   do not constitute, and shall not be construed as, or offered or
24 received against or to the prejudice of Defendants, Class Representatives, or any
25 other Members of the Class, as evidence of a presumption, concession, or
26 admission that any of their claims are without merit or infirm or that damages
27 recoverable under the Complaint would not have exceeded the Settlement Amount.
28

16. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

17. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission or determination of Co-Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns.

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

21. A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation

1 for the Net Settlement Fund.  Such orders shall in no way disturb or affect this
2 Judgment and shall be considered separate from this Judgment.
3      22.    Without affecting the finality of this Judgment in any way, this Court
4 hereby retains continuing jurisdiction over: (i) implementation of the Settlement;
5 (ii) the allowance, disallowance or adjustment of any Class Member's claim on
6 equitable grounds and any award or distribution of the Settlement Fund; (iii)
7 disposition of the Settlement Fund; (iv) hearing and determining applications for
8 attorneys' fees, costs, interest and reimbursement of expenses in the Action; (v) all
9 Parties for the purpose of construing, enforcing and administering the Settlement
10 and this Judgment; and (vi) other matters related or ancillary to the foregoing.  The
11 Court expressly determines that there is no just reason for delay in the entry of this
12 Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:  May 23, 2013

_____
THE HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

1. Whitney Benefits
2. William A. Sokolowski